UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


SUZANNE PIERSON, et al.,

    Plaintiffs,

    -v-                                                          Case No. C-1-08-162

BATAVIA NURSING HOME, INC., et al.,

    Defendants.

## **ORDER**

This matter is before the Court upon defendants' Motion to Strike One of Plaintiffs' Experts and Plaintiffs' Expert's Report (doc. 16). Plaintiffs oppose the motion (doc. 19) and move for leave to designate an expert out-of-time (doc. 17), to which defendants object (doc. 18).

The parties submitted a proposed Joint Scheduling Order on May 27, 2008, in which they suggested a deadline of September 30, 2008, for compliance with Fed. R. Civ. P. 26(a)(2) (doc. 11). The Court issued a Scheduling Order on June 3, 2008, adopting the proposed September 30, 2008 deadline (doc. 12). The Order stated that pursuant to Rule 26(a)(2), "both parties shall furnish to any opposing party a curriculum vitae, as well as a binding written report of the testimony of the expert witnesses." Defendants contend that on October 24, 2008, after the deadline had passed, their counsel received from plaintiffs' counsel correspondence dated October 22, 2008, with which was enclosed correspondence from a purported expert nursing witness. Defendants now move the Court to strike any of plaintiffs' experts who plaintiffs failed to identify, and any of plaintiffs' expert reports that plaintiffs failed to provide, before the

1

September 30, 2008 deadline, which would include the expert nursing witness and any report by that witness.

In response to defendants' motion to strike, plaintiffs move the Court for leave to designate a registered nurse, Shelly Abdelghany, R.N., as "an additional expert, out-of-time, for good cause . . ." Plaintiffs allege that there would be no undue prejudice to defendants if they were permitted to name the registered nurse as an expert. Defendants oppose plaintiffs' motion for the reasons stated in their motion to strike.

Plaintiffs oppose defendants' motion to strike on the ground that the nursing expert was "deemed" an expert in their Answers to Defendants' Interrogatories and Requests for Production of Documents, which plaintiffs tendered to defendants on or about October 27, 2008. Plaintiffs note that in response to Interrogatory # 19(a), which asked plaintiffs to state the subject matter on which each expert is expected to testify, they identified Shelly Abdelghany as an expert witness. Plaintiffs also apparently stated what testimony she would give, although it is not clear from plaintiffs' filings what information they provided to defendants regarding such testimony. Plaintiffs contend that because the discovery cut-off did not occur until January 30, 2009, and therefore both parties would have had ample time to find and disclose potential experts, plaintiffs neither failed to identify the expert witness out-of-time nor failed to submit her expert report out-of-time.

Defendants reply that plaintiffs admittedly identified Abdelghany as an expert witness after the September 30, 2008 deadline imposed by the Court for the disclosure of expert witnesses and the provision of a curriculum vitae and a binding written report of the witness' testimony. Defendants argue that to now allow plaintiffs to utilize the expert they failed to

2

timely identify would be prejudicial to them in that they were unable to take the expert's deposition prior to expiration of the discovery deadline.

Fed. R. Civ. P. 16(f)(1) and Rule 37(b)(2)(A) authorize a court to issue any just orders if a party or its attorney fails to obey a scheduling or other pretrial order or to provide discovery. *Luty v. City of Saginaw*, 2009 WL 331621 *4 (6th Cir. 2009) (unpublished decision). Fed. R. Civ. P. 37(c)(1) specifically provides that a party's failure to identify a witness as required by Rule 26(a) precludes the party from using that witness "unless the failure is 'substantially justified' or harmless." *Id*.

Plaintiffs failed to obey the Court's Scheduling Order by failing to identify Shelly Abdelghany as an expert witness and to provide a curriculum vitae, as well as a binding written report of her testimony, by the September 30, 2008 deadline. Plaintiffs have offered no justification for their failure to comply with the Court's Scheduling Order. Moreover, the failure is not harmless. Plaintiffs did not move for leave to designate Abdelghany as an expert out-of-time until January 15, 2009, which was 15 days before the discovery cut-off and the motions deadline. Extending the discovery cut-off at this late date to allow plaintiffs to add an expert witness whom they failed to timely identify would unduly prejudice defendants, particularly since trial is scheduled for May 2009.

For these reasons, defendants' motion to strike (doc. 16) is **GRANTED**. Plaintiffs' motion to designate an expert out-of-time (doc. 17) is **DENIED**. Plaintiffs are precluded from calling Shelly Abdelghany as an expert witness in this case.

**IT IS SO ORDERED.**

S/ Herman J. Weber
HERMAN J. WEBER, SENIOR JUDGE
UNITED STATES DISTRICT COURT